IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRANDON NELSON KITCHEN,                                                  PETITIONER

v.                                      CIVIL ACTION NO.: 4:14cv19-A-A

EARNEST LEE,                                                      RESPONDENT

## OPINION AND ORDER

Brandon Nelson Kitchen, Petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Kitchen is a federal prisoner who is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. Kitchen filed the instant action seeking the Court to order the Bureau of Prisons ("BOP") to recommend him to a residential reentry center where he can serve out the remainder of his sentence.

### Petitioner's Allegations

Kitchen maintains that he was convicted of federal crimes in district courts in Georgia and Pennsylvania in 1995 and 2000, respectively. He alleges that his projected date to be released from federal custody is February 10, 2015, and that he is eligible to serve up to the last twelve months of his sentence in a residential reentry center ("RRC").[1] Kitchen states that he verbally requested a transfer to a residential reentry center ("RRC") in May 2013 when he was housed at a federal facility in Colorado, but that he was moved to the Mississippi State Penitentiary in June 2013 without hearing a response. He maintains that he has no access to a BOP case manager in the State facility, and he requests that the Court order the BOP to place

---

[1] An RRC is commonly referred to as a "halfway house."

him in a RRC under the Second Chance Act.

## Discussion

Kitchen appears to concede that he has not exhausted his administrative remedies prior to filing for federal habeas relief. *See, e.g., Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) ("A prisoner . . . is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."). The exhaustion requirement may be excused only in "extraordinary circumstances," such as where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action[.]" *Id.* Kitchen alleges that his caseworker at the Mississippi State Penitentiary informed him that a BOP caseworker would have to handle the request. Kitchen maintains that he does not have contact with a BOP caseworker, however, which renders him unable to participate in the reentry program. Assuming without deciding that Kitchen's allegations are sufficient to excuse the exhaustion requirement, the Court nonetheless determines that he cannot be granted the relief requested.

Under the Second Chance Act, the BOP has the discretionary authority to place certain eligible inmates who are serving up to the last 12 months of their sentences in residential reentry centers. *See* 18 U.S.C. § 3624(c)(1). However, the statute does not entitle an inmate to placement in a RRC, but rather, authorizes the BOP's consideration of such placement. *See, e.g., Purviance v. Maye*, 2011 WL 2173611, at *2 (W.D. Tex. June 2, 2011) (citation omitted). The statute also provides that nothing in the Act "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons" to designate the place of imprisonment under § 18 U.S.C. § 3621. 18 U.S.C. § 3624(c)(4). Accordingly, the Court is not authorized to order

Kitchen to be placed in an RRC. *See, e.g., United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993) (noting that "only the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences"); *see also United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (finding that a defendant's request to serve the remainder of his sentence on home confinement should be "directed to the Bureau of Prisons"). The Court notes that "[w]here the statute grants the prison administration discretion, the government has conferred no right on the inmate." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

Kitchen has no right to the reentry program or confinement in a halfway house, and the Court cannot authorize such placement. Accordingly, the instant petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 27th day of February, 2014.

 /s/ **Sharion Aycock**
 **U.S. DISTRICT JUDGE**